# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HEYL & PATTERSON, INC.,** | ) <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) 2:14-cv-1299 <br> ) |
| v. | ) <br> ) <br> ) |
| **T.E. IBBERSON COMPANY,** | ) <br> ) <br> ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is DEFENDANT'S MOTION TO DISMISS COUNTS I AND III OF PLAINTIFF'S AMENDED COMPLAINT (ECF No. 10) filed by T.E. Ibberson Company ("Ibberson") with a brief in support (ECF No. 11). Plaintiff Heyl & Patterson, Inc. ("H&P") filed a brief in opposition (ECF No. 13); Defendant filed a reply brief (ECF No. 14). For the reasons that follow, the Court will grant the motion.

### I.  Background

The following background is drawn from the Complaint, and the factual allegations therein are accepted as true for the purpose of this Memorandum Opinion. As the law requires, all disputed facts and inferences are resolved in favor of Plaintiff, the non-moving party.

On January 27, 2012, Ibberson contracted with H&P for the design and manufacture of a continuous barge unloader ("CBU") for the Louis Dreyfus Commodities Grain Export Terminal Renovation in Port Allen, Louisiana. The agreement between the parties provided that H&P would design, fabricate, and deliver the CBU to Port Allen for a total sum of $7,519,650, with retainage to be held by the purchaser until performance testing of the equipment was completed. According to H&P, Ibberson caused delays to the completion of that performance testing in breach of their agreement and refused to pay properly billed sums totaling $3,150,009.62.

H&P commenced this action on September 22, 2014 by filing a three-count Complaint in which it alleges (1) a common law breach of contract claim; (2) a breach of contract claim under Pennsylvania's Commercial Code; and (3) a claim for breach of the Pennsylvania Contractor and Subcontractor Payment Act. On October 3, 2014, H&P filed an Amended Complaint in which it set forth the same three causes of action. Relevant here, the Amended Complaint notes that "[t]he Agreement specified that Pennsylvania law (and therefore its Uniform Commercial Code relating to the sale of goods) would govern and control . . ." (ECF No. 6 at 5, ¶ 29).

Ibberson has since filed a Rule 12(b)(6) motion, which seeks the dismissal of Counts One and Three of the Amended Complaint. The motion is ripe for disposition.

**II.     Standard of Review**

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) Upon review of a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States has made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach in *Ashcroft v. Iqbal*, emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss. 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 555). Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must take a three step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (citing *Iqbal*, 556 U.S. at 675). First, "the court must "tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Accordingly, the Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-57; *Burtch*, 662 F.3d at 220-21). The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal* 556 U.S. at 678). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its

3

judicial experience and common sense.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Rule 12(b)(6) and the requirements of Rule 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). The Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 553). Rule 8 also still requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)). While this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 544-55). Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

### III. Discussion

#### A. Count One: Common Law Breach of Contract

Ibberson requests that the Court dismiss Count One, arguing that H&P cannot maintain parallel breach of contract claims based on both a common law theory and the Uniform Commercial Code ("UCC"). For its part, H&P contends that dismissal is not appropriate under Federal Rule of Civil Procedure 8 and attempts to distinguish the caselaw cited by Ibberson.

Pennsylvania has adopted a version of the UCC which preempts, displaces and/or supplements certain common law contract principles. *See Mackin Eng'g Co. v. Am. Exp. Co.*,

No. 10CV1041, 2010 WL 9013002, at *4 (W.D. Pa. Oct. 12, 2010), *aff'd*, 437 F. App'x 100 (3d Cir. 2011); *see also* 13 Pa.C.S.A. § 1103 ("[While principles of common law and equity may *supplement* provisions of the Uniform Commercial Code, they may not be used to *supplant* its provisions, or the purposes and policies [that] those provisions reflect, unless a specific provision of the Uniform Commercial Code provides otherwise.") (emphasis in orginal). "The Code displaces parallel common law claims (1) when it supplies a comprehensive remedy and (2) where 'reliance on the common law would thwart the purposes of the Code.'" *Envtl. Equip. & Serv. Co. v. Wachovia Bank, N.A.*, 741 F. Supp. 2d 705, 712-13 (E.D. Pa. 2010) (quoting *New Jersey Bank, N.A. v. Bradford Sec. Operations, Inc.*, 690 F.2d 339, 3456 (3d Cir. 1982)).[1]

As Ibberson makes clear, the Pennsylvania Commercial Code provides governing law applicable to the parties' agreement and to the subject matter of contracts generally (see 13 Pa.C.S.A. §§ 1201-1206), to contractual formation, form and readjustment (*see* 13 Pa.C.S.A. §§ 2201-2210), to contractual performance (*see* 13 Pa.C.S.A. §§ 2501-2515), to contractual breach and repudiation (*see* 13 Pa.C.S.A. §§ 2601-2616), and to remedies for breach of contract (*see* 13 Pa.C.S.A. §§ 2701-2725). This comprehensive scheme governs all aspects of the parties' dealings as well as H&P's remedy for the alleged contractual breach. And to allow a parallel common law cause of action in spite of the remedial scheme would render it meaningless.

The Court, therefore, finds that the Pennsylvania Commercial Code displaces H&P's common law claim. Accordingly, the Court will dismiss Count One of Plaintiff's Amended Complaint.

---

1. H&P attempts to distinguish these decisions by asserting that "[a] party having the election of theories is not required to abandon any one of them, particularly where the defendant has not provided its substantive response in the form of an Answer and where the parties have not engaged in discovery." The Court is not persuaded. Neither a responsive pleading nor discovery is a prerequisite to dismissal of a displaced common law claim. *See, e.g.*, *Mackin Eng'g Co. v. Am. Exp. Co.*, No. 10CV1041, 2010 WL 9013002, at *4 (W.D. Pa. Oct. 12, 2010), *aff'd*, 437 F. App'x 100 (3d Cir. 2011).

### B. Count Three: Pennsylvania Contractor and Subcontractor Payment Act

Ibberson also seeks dismissal of Count Three of the Amended Complaint, contending that the Contractor and Subcontractor Payment Act does not apply to its contract with H&P. The Court agrees.

The Contractor and Subcontractor Payment Act, 73 P.S. §§ 501, *et seq.*, specifies that "[t]his act shall apply to construction contracts executed on or after the effective date of this act." 73 P.S. § 515. A "construction agreement" under the Act is defined as "[a]n agreement, whether written or oral, to perform work on any real property located within this Commonwealth." 73 P.S. § 502. "Real property" is defined as "[r]eal estate that is improved, including lands, leaseholds, tenements and hereditaments, and improvements placed thereon." *Id.*

The agreement in this case is outside the scope of the Act: H&P contracted to design and manufacture a continuous barge unloader for the Louis Dreyfus Commodities Grain Export Terminal Renovation in Port Allen, Louisiana. *C.f. Stivason v. Timberline Post & Beam Structures Co.*, 947 A.2d 1279, 1283 (Pa. Super. Ct. 2008) ("[T]he thrust of the CSPA is to require timely payments to contractors and subcontractors who perform construction work on Pennsylvania real estate under contract and to provide remedies if timely payment is not made.") (citation omitted); *Kleinknecht Elec. Co. v. Jeffrey M. Brown Associates, Inc.*, No. 4997 SEPT.TERM 2003, 2006 WL 1005007, at *2 (Pa. Com. Pl. Apr. 10, 2006) (holding that the Act does not apply to a construction contract performed in New Jersey). Accordingly, the Court will dismiss Count Two of the Amended Complaint.

### C. Leave to Amend

Finally, H&P seeks leave of Court to file a Second Amended Complaint. The Court will grant this request.

## IV. Conclusion

For the reasons hereinabove stated, the Court will grant the motion to dismiss and permit H&P to file a Second Amended Complaint. An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEYL & PATTERSON, INC., | ) |
| Plaintiff, | ) |
| | ) 2:14-cv-1299 |
| v. | ) |
| T.E. IBBERSON COMPANY, | ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, this 22nd day of December, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that DEFENDANT'S MOTION TO DISMISS COUNTS I AND III OF PLAINTIFF'S AMENDED COMPLAINT (ECF No. 10) filed by T.E. Ibberson Company is **GRANTED**, and Counts One and Three of the Amended Complaint are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff Heyl & Patterson, Inc. shall file a Second Amended Complaint on or before January 5, 2015, and Defendant shall file its Answer or a responsive motion on or before January 20, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: James W. Creenan
Email: jcreenan@cbattorneys.com

Lyle D. Washowich
Email: ldwashowich@burnswhite.com