# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEYL & PATTERSON, INC., | ) |
| Plaintiff, | ) |
| | ) 2:14-cv-1299 |
| v. | ) |
| T.E. IBBERSON COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is DEFENDANT'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S SECOND AMENDED COMPLAINT (ECF No. 17) filed by T.E. Ibberson Company ("Ibberson") with a brief in support (ECF No. 18). Plaintiff Heyl & Patterson, Inc. ("H&P") filed a brief in opposition (ECF No. 20); Ibberson filed a reply brief (ECF No. 21). Accordingly, the motion is ripe for disposition.

### I. Background

On January 27, 2012, Ibberson contracted with H&P for the design and manufacture of a continuous barge unloader ("CBU") for the Louis Dreyfus Commodities Grain Export Terminal Renovation in Port Allen, Louisiana (the "Agreement"). The Agreement required H&P to provide a CBU "serving a dual slip, with a free digging capacity of 80,000 bushels per hour based on upon grain weight of 48 pounds per cubic foot" to unload soybeans, corn and wheat from river barges. In exchange, Ibberson agreed to pay H&P the sum of $7,519,650, with individual payments due at various milestones and within thirty days from the date of the invoice. According to H&P, Ibberson has refused to pay properly billed sums totaling $3,150,009.62.

H&P commenced this action on September 22, 2014 by filing a three-count Complaint in which it alleged (1) a common law breach of contract claim; (2) a breach of contract claim under Pennsylvania's Commercial Code; and (3) a claim for breach of the Pennsylvania Contractor and Subcontractor Payment Act.  On October 3, 2014, H&P filed an Amended Complaint in which it set forth the same three causes of action.  Ibberson then filed a motion to dismiss Counts One and Three of the Amended Complaint, which the Court granted.

H&P has since filed a Second Amended Complaint in which it asserts claims for (1) breach of contract under Pennsylvania's Commercial Code; and (2) breach of the "Louisiana Prompt Payment Act."[1]  Ibberson now moves for the dismissal of Count Two.

## II. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted."  Upon review of a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff.  *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011) (citation omitted).  However, as the Supreme Court of the United States has made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level."  550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach in *Ashcroft v. Iqbal*, emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss.  556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

---

1. Although Plaintiff labels Count Two as a "Prompt Payment Act Violation," it cites to the Louisiana Private Works Act, La. Rev. Stat. Ann. 9:4814, and another section of the Louisiana Revised Statutes entitled "Late payment by contractors to subcontractors and suppliers; penalties," La. Rev. Stat. Ann. 9:2784.

for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 555). Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must take a three step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (citing *Iqbal*, 556 U.S. at 675). First, "the court must "tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

The Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citations omitted). The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal* 556 U.S. at 678). The determination for "plausibility" will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 211 (citation omitted).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Rule 12(b)(6) and the requirements of Rule 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). The Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 553). Rule 8 also still requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)). While this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 544-55). Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

### III. Discussion

Ibberson moves for the dismissal of Count Two based on the parties' choice of law clause in the Agreement.[2] For its part, H&P maintains that it may proceed with its purported statutory claim for "Prompt Payment" arising under Louisiana law irrespective of the parties' agreed-upon choice of law provision. (ECF No. 16 at 5). The Court cannot agree.[3]

---

2. Ibberson also persuasively argues that H&P is attempting to rewrite and supersede the Agreement's Milestone Payment Schedule by asserting a newfound claim under Louisiana law, which requires accelerated payment.

3. Contrary to Plaintiff's suggestion, enforcing the parties' choice of law provision does not require the resolution of factual issues because where, as here, the "words of the contract are clear and unambiguous," the "interpretation of a written agreement is a task to be performed by the court rather than a jury." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 587 (3d Cir. 2009) (citations omitted).

The scope of a contract's choice of law provision determines whether "some claims alleged, such as statutory or tort claims, may fall outside the reach of the clause." *De Lage Landen Fin. Servs., Inc. v. Rasa Floors, LP*, No. CIV.A.08-00533, 2009 WL 564627, at *11 n.21 (E.D. Pa. Mar. 5, 2009) (citation omitted). In making this decision, "a court must determine based on the provision's 'narrowness or breadth, whether the parties intended to encompass all elements of their association.'" *Buddy's Plant Plus Corp. v. CentiMark Corp.*, No. CIV.A. 10-670, 2013 WL 169697, at *5 (W.D. Pa. Jan. 16, 2013), *aff'd*, No. 13-4683, 2015 WL 968771 (3d Cir. Mar. 6, 2015) (quoting *Composiflex, Inc. v. Advanced Cardiovascular Sys., Inc.*, 795 F. Supp. 151, 157 (W.D. Pa. 1992)).

Here, the choice of law clause broadly applies to all claims arising out of or relating to payment under the Agreement:

> Any controversy or claim arising out of or relating to this contract, or the breach thereof, including, but not limited to, contract interpretation; scope of work and other obligations; performance; negligence (including design negligence); warranty; indemnity; payment; or back-charges, shall be governed, interpreted and construed by, and in accordance with, the laws of the Commonwealth of Pennsylvania (without regard to principles regarding conflicts of law).

(ECF No. 6-1 at 55). H&P also readily concedes that "Pennsylvania law (and therefore its Uniform Commercial Code relating to the sale of goods) would govern and control." (ECF No. 16 at 5). And as this Court previously confirmed, "this scheme governs all aspects of the parties' dealings as well as H&P's remedy for the alleged contractual breach." (ECF No. 15 at 6). Accordingly, the Court will dismiss Count Two of the Second Amended Complaint.

### IV. Conclusion

For the reasons hereinabove stated, the Court will grant Defendant's motion to dismiss. An appropriate Order follows.

McVerry, S.J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEYL & PATTERSON, INC., | ) |
| Plaintiff, | ) 2:14-cv-1299 |
| v. | ) |
| T.E. IBBERSON COMPANY, | ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, this 13th day of March, 2015, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** that DEFENDANT'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S SECOND AMENDED COMPLAINT (ECF No. 17) filed by T.E. Ibberson Company ("Ibberson") is **GRANTED**.

**IT IS FURTHER ORDERED** that Ibberson shall file a responsive pleading on or before March 31, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: James W. Creenan
Email: jcreenan@cbattorneys.com

Lyle D. Washowich
Email: ldwashowich@burnswhite.com